UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK HOWARD, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Civil No. 07-27-P-H |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent | ) |

RECOMMENDED DECISION

Mark Howard has filed a document which the clerk has docketed as a "petition for writ of habeas corpus" (Doc. No. 23) in this closed 28 U.S.C. § 2255 case. Howard was denied post-conviction relief on his original § 2255 motion on July 23, 2007. No appeal was ever taken from that decision, although Howard made a belated attempt to amend his § 2255 motion on December 26, 2007, which I rebuffed with an endorsement order indicating that the case was closed and that an amendment to the § 2255 motion was no longer permitted. I also explained that Howard would need to file a Federal Rule of Civil Procedure 60(b) motion if he wanted to reopen his § 2255 proceeding. (Doc. No. 22.) He did not pursue that avenue.

In this current pleading Howard complains that he agreed to plead guilty to two counts charging him with marijuana distribution only to find that the Pre-sentence Investigative Report attributed enhanced levels of marijuana to him. He indicates that his attorney and the United States negotiated on sentencing terms and an agreement was reached that he would accept the drug quantity attributed to him with the understanding that the prosecution would support his placement in a 500 hour Residential Drug Abuse Program (RDAP) that could take one year off his sentence. The Court followed this recommendation. After serving three years of his

sentence he was transferred from Massachusetts into a RDAP program in Pennsylvania. After starting this program Howard was notified that because of his firearm enhancement he was not eligible for time off upon completion of the program. He indicates that he has been denied eligibility through the Administrative Remedy process. "As it stands today," Howard complains, "I will be serving 11 months more th[a]n was represented to me by my attorney and the AUSA. I believe that the Court imposed its sentence under a misapprehension of material fact as the Court was unaware that due to my firearm enhancement I would not be eligible for the year off upon completion of the 500 hour RDAP." Howard did not raise any claim pertaining to this issue in his first 28 U.S.C. § 2255 motion or in his motion to amend that pleading.

Howard has styled his present pleading as a motion pursuant to 28 U.S.C. § 2255. See Castro v. United States, 540 U.S. 375, 381-84 (2003). As there is no question that he has already fully litigated one 28 U.S.C. § 2255 motion he cannot proceed without first complying with the 28 U.S.C. § 2255(h) certification process. See cf. Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). Therefore, I recommend that the court dismiss the pending motion, which has been docketed in Howard's original § 2255 case, without prejudice to Howard filing a new 28 U.S.C. § 2255 motion should he obtain the requisite certification from the First Circuit Court of Appeals.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

|  |  |
|---|---|
| November 12, 2008. | /s/ Margaret J. Kravchuk<br>U.S. Magistrate Judge |